HAMMOND ET. AL. VS. PLACE, ET. AL.

First Circuit.

Hammond.
vs.
Place.

It is not a matter of course to allow the filing of an amended bill after replication and testi mony. A special application should be made to the Court; with a full statement of the facts intended to be incorporated in the amended bill, so the Court can judge of their materiality.

Facts which have transpired subsequent to the filing of the bill cannot be set forth by way of amendment.

A rule entered by consent without fraud or misrepresentation will not be vacated.

To the answers, replications had been filed, and testimoy taken ; at the last term of the court, the parties by their solicitors entered by consent, a rule granting leave to the complainants to file an amended bill of complaint. A motion was now made to set aside and vacate the order or rule for leave to file an amended bill.

J. KINGSLEY, in support of the motion.

O. HAWKINS, contra.

THE CHANCELLOR.—The filing of an amended bill of complaint at this stage of the cause is not a matter of course. Application should be made to the court for that purpose, and a full statement of the facts intended to be incorporated as amendments should be set forth. Their materially must appear, for it would be absurd to think that a cause would be delayed for the purpose of filing an amended bill, that would not in the least, change the legal effect of the original statement. It is a well settled rule also, that facts which have transpired since the commencement of the suit, cannot be set forth by way of amendment to the original bill. If the complainants wish to take advantage of any such facts, they must do it by a supplemental bill. An amended bill relates back to the time when the original bill was filed, and it is considered but one bill, and cannot be separated.

But in this case, the rule for leave to file an amended bill was entered in open court by consent. The court will not interfere to set aside a rule or order thus entered. It is a matter of great convenience for solicitors to argree to rules, and if the court would vacate them upon application of either party, without its appearing they

were entered into under a mistake, or by fraudulent representations. Such rules would tend to confusion rather than convenience. In 2 *Cox. R.* 156 ; *and* 1 *Moult. Pr.* 36, it is laid down that consent rules will not be vacated.